UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEAH ISBELL, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>POLARIS, INC.<br><br>Defendant. | Case No.<br><br>Fair Labor Standards Act Collective Action (29 U.S.C. § 201, *et seq*.)<br><br>Fed. R. Civ. P. 23 Class Action |

### PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Leah Isbell, by and through counsel, for her Class and Collective Action Complaint against Defendant Polaris Inc. (hereinafter also referred to as "Polaris" or "Defendant"), states and alleges the following:

### NATURE OF THE ACTION

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees employed by Defendant Polaris, Inc. ("Defendant" or "Polaris") in the United States, and who elect to opt into this action pursuant to 29 U.S.C. §216(b) (the "Collective").

2. This action also seeks to recover unpaid and overtime compensation under State common and statutory laws on behalf of Plaintiff and similarly situated current and former employees employed by Defendant in the United States as a class under Fed. R. Civ. P. 23 (the "State Law Class").

**INTRODUCTION**

3.     Defendant, as an employer, is required under the FLSA, as well as under States' laws, to maintain an accurate record of the hours worked by its non-exempt hourly employees and to pay employees for their overtime hours worked.

4.     This case involves Defendant's failure to do so in two regards.

5.     First, as described in greater detail below, as to all its hourly employees nationwide, due to a failure of Defendant's time keeping system, for an extended period of time starting in December 2021, Defendant failed to record and failed accurately to pay the employees for all of the overtime hours that they worked. These claims are brought as a putative FLSA collective (the "FLSA Kronos Collective") and as a putative Rule 23 state law Fed. R. Civ. P. 23 class (the "State Kronos Class").

6.     Second, as also described in greater detail below, at least as to Defendant's Huntsville, Alabama, facility, Defendant, both prior to and following up the outage of the time keeping system, improperly rounded hourly employees' time so that consistently employees were not paid for all of the time that they worked. These claims are brought as a putative FLSA collective (the "FLSA Time Editing/Rounding Collective") and putative Rule 23 Alabama state law class (the "State Law Editing/Rounding Class").

7.     Plaintiff on her own behalf and on behalf of members of the collectives and Rule 23 classes seek to exercise their to all unlawfully unpaid overtime wages and additional, as available, statutory liquidated damages, in addition to punitive damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, as well as declaratory and injunctive relief, and such further relief as the Court deems equitable and just.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1332 and 1367.

9. Venue is proper pursuant to 28 U.S.C. §1391 because Defendant's principal place of business is within this District, Defendant is subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

12. Plaintiff Leah Isbell is an individual and a resident of Limestone County, Alabama. Plaintiff has worked at the Defendant's Huntsville, Alabama facility since in or around since in or around September 2021 as an hourly assembler. During her time of employment, Plaintiff was classified as a non-exempt employment paid an hourly rate; used the Kronos system as described hereinafter to clock in and clock out on a daily basis (until Kronos went down); and her wages included payment for all hours worked the preceding week(s), including overtime; and was routinely paid an overtime premium for hours worked over 40.

13. Defendant Polaris is a Minnesota for-profit corporation with its principal executive office address at 2100 Highway 55, Medina, Minnesota 55340. According to records

maintained by the Minnesota Secretary of State, Defendant Polaris's registered agent for service of process is CT Corporation System Inc., 1010 Dale Street North, St. Paul, Minnesota 55117.

14. At all times relevant herein, Defendant has employed Plaintiff and the putative collective and class members and has been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

15. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

16. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person. Further, Defendant has a gross volume of sales and have made or done business in an amount of at least $500,000.

17. At all times relevant herein, Plaintiff and all similarly situated employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. Defendant suffered, permitted, or directed the work of Plaintiff and similarly situated employees, and Defendant benefited from work performed by Plaintiff and similarly situated employees.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

19. Defendant Polaris is a producer and supplier of motorcycles; side by sides, ATVs and single-seat vehicles; pontoon, deck and cruiser boats; aftermarket parts for the ATV, UTV

and automotive industries; rental vehicles; and off/on road navigation technologies.[1] Defendant's brands include RZR Sport Side by Side, Ranger Utility Side by Side, General Recreational & Utility Side by Side, and Sportsman Recreation & Utility ATV;[2] Indian Motorcycle, Slingshot Open-Air Roadster, Aixam quadricycles, and GOUPiL electric utility vehicles;[3] Bennington pontoon boats, Godfrey pontoon boats, and Hurricane deck boats;[4] 509 snowmobile and off-road riding gear and accessories, Klim technical riding, Kolpin Outdoors: ATV & UTV Accessories, Premier O.E.M.: Complete Product Design, Development and Manufacturing, Pro Armor aftermarket UTV products, Trail Tech GPS systems and electronics, and 4 Wheel Parts off-road performance products.[5]

### Defendant's Failure to Pay Overtime Compensation Following the Kronos Data Breach

20. Defendant, as an employer, is required under the FLSA, as well as States' laws, to maintain an accurate record of the hours worked by its non-exempt hourly employees.

21. In order to create and maintain this record, Defendant use a timekeeping system called Kronos, which is a third-party service provided by HR management company UKG, an independent company unrelated to Defendant, and to whom Defendant pays a fee for use of the Kronos timekeeping capabilities.

22. Through Kronos software and equipment, Defendant records its hourly employees' time in a method similar to traditional "punch-in" time-clocks: in each location where its hourly employees work, including Plaintiff's work location, there is a shared Kronos

---

[1] https://www.polaris.com/en-us/brands/ (last accessed May 11, 2022).
[2] https://www.polaris.com/en-us/off-road/ (last accessed May 11, 2022).
[3] https://www.polaris.com/en-us/on-road/ (last accessed May 11, 2022).
[4] https://www.polaris.com/en-us/marine/ (last accessed May 11, 2022).
[5] https://www.polaris.com/en-us/parts-accessories/ (last accessed May 11, 2022).

device which each hourly employee uses daily to clock-in and clock-out, by swiping an electronic card.

23. Defendant's hourly employees, including Plaintiff and members of the putative collectives and classes, were and are directed by Defendant to use the Kronos system to clock-in and clock-out each day they work.

24. Upon information and belief, the Kronos system is the only timekeeping system used by all hourly employees of Defendant typically use to record their daily hours, regardless of position or location, both in Alabama and otherwise. The system is used by thousands of Defendant's hourly employees.

25. Defendant relies on the time data recorded by the Kronos system to calculate its hourly employees' weekly pay, which varies week to week based on the actual number of hours its employees work in any given week, including overtime hours.

26. On December 11, 2021, Kronos-provider UKG announced to its clients, including Defendant, that its Kronos timekeeping services had become inoperative due to a ransomware attack (the "outage"). UKG warned that the outage would potentially last several weeks, and advised its clients to "evaluate and implement alternative business continuity protocols."[6]

27. As a result of this outage, starting on December 11, 2021, and continuing through late February 2022 (the "outage period"), Defendant was unable to access the daily timekeeping records of its hourly employees as inputted into and maintained on the Kronos system.

28. Because Defendant could not access Plaintiff's and the members of the putative FLSA Kronos Collective and State Kronos Class' time records during the outage period, and

---

[6] See announcement from UKG, available at https://community.kronos.com/s/feed/0D54M00004wJKHiSAO?language=en_US (last visited on March 21, 2022).

because Defendant failed to adopt and have in place a sufficiently functional back-up plan for recording hourly employee time and timely processing hourly employee payroll, Defendant could not – *and did not* - accurately pay its hourly employees during the outage period.

29. Instead, for an extended period of time, employees, like Plaintiff and the other members of the FLSA Kronos Collective and State Kronos Class were paid based on handwritten time records submitted to Company management from supervisors. These handwritten time records submitted to management from supervisors that Defendant then used to pay employees were inaccurate and/or incomplete. Accordingly, Plaintiff and members of the FLSA Kronos Collective and State Kronos Class were not paid based upon their *actual* hours worked.

30. In the case of Plaintiff Isabell and in the case of numerous other putative FLSA Kronos Collective and State Kronos Class members, the amount of the weekly wage payments that Defendant made during the outage period were *less* than the actual amounts owed.

31. As of the filing of this Complaint, Defendant has still not made fully corrected payments to Plaintiff to reflect her proper earnings during the outage period.

32. Upon information and belief, Defendant has similarly not made corrected payments to any other putative FLSA Kronos Collective and State Class Members to reflect their proper wages earned during the outage period.

33. More than 30 days have passed since Defendant was required to pay Plaintiff and members of the putative FLSA Kronos Collective and State Kronos Class all wages earned during the outage period.

34. There is no dispute that Plaintiff and members of the putative FLSA Kronos Collective and State Kronos Class are entitled to overtime pay for hours worked over 40 under the laws cited herein upon which the claims are brought.

35. Plaintiff therefore seeks to recover unpaid overtime, and all other available relief, on behalf of herself and a nationwide FLSA Kronos Collective pursuant to the FLSA and a nationwide FLSA State Class under Fed. R. Civ. P. 23 of all non-exempt hourly employees employed by Defendant from December 1, 2021 to the present, whose weekly work hours were tracked by the Kronos timekeeping system, who were paid estimated rather than actual wages during the Kronos outage period, and which estimated payments were less than the amount earned and owed over the same period.

**Defendant's Failure to Pay Wages as a Result of Defendant's
Time Editing and Rounding Practices and/or Policies**

36. Even prior to the Kronos outage, Defendant consistently failed to pay Plaintiff and other members of the FLSA Time Editing/Rounding Collective and State Law Time Editing/Rounding Class for all hours, including overtime and non-overtime hours, worked at Defendant's Huntsville, location, one of Defendant's "largest manufacturing plants, producing the [] Polaris Slingshot, as well as [] the off-road utility vehicle, the RANGER."[7]

37. More specifically, at that facility, Defendant had a time rounding and editing policy, and time manipulation practices in conformity with this policy, that led to less time paid than time worked for Plaintiff and other members of the FLSA Time Editing/Rounding Collective and State Law Time Editing/Rounding Class.

38. Prior to the Kronos outage in December 2021, and before their shift starting times, Plaintiff and other members of the FLSA Time Editing/Rounding Collective and State

---

[7] https://www.polaris.com/en-us/locations/huntsville-al/ (last accessed May 11, 2022).

8

Law Time Editing/Rounding Class regularly begin work and performing the principal activities of their jobs but Defendant did not pay them for all of their time.

39. This time docking also occurs at the end of the workday. Plaintiff and other members of the FLSA Time Editing/Rounding Collective and State Law Time Editing/Rounding *Class* regularly work after the end of their shift times, but are only were paid up until their shift ending times. These employees are not paid for this time as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for and to the benefit of Defendant.

40. Plaintiff Isbell was routinely affected by these unlawful policies. For example, while Plaintiff Isbell was required to be on the assembly line at least five (5) minutes prior to her 7:00 a.m. shift on a daily basis, Defendant did not pay her until her 7:00 a.m. shift starting time. In addition, although her work duties required her to work past her shift ending time of 3:30 p.m., regularly in the amounts of seven (7), eight (8), nine (9), or ten (10) or more minutes, Defendant would only pay Plaintiff until her shift ending time of 3:30 p.m., regardless of the fact that she regularly worked well after her shift ending time.

41. The requirement to work before and after their shifts was unavoidable due to production/productivity quotas and the work was done in order to complete their jobs.

42. Defendant's pay practices were the result of systematic and company-wide policies originating at the corporate level.

43. Plaintiff and the other members of the FLSA Time Editing/Rounding Collective and State Law Time Editing/Rounding Class frequently worked approximately five (5) to

twenty (20) or more minutes during the pre- and post-shift time periods for which they were not paid.

44. In addition, Plaintiff's and the other members of the FLSA Time Editing/Rounding Collective's and State Law Time Editing/Rounding Class's time worked was regularly edited by supervisors, resulting in less time paid than time worked.

45. This is all notwithstanding that editing and rounding time manipulation policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

46. As a result, Plaintiff and other members of the FLSA Time Editing/Rounding Collective and State Law Time Editing/Rounding Class were not paid for all hours worked, including overtime and non-overtime hours worked. As a result of the time editing employed by Defendant, Defendant's rounding practices resulted in a system that virtually always rounds against Plaintiff and the other members of the FLSA Time Editing/Rounding Collective and State Time Editing/Rounding Class and the rounding is nearly always in Defendant's favor.

47. Although the additional pre- and post-shift work was compensable under the FLSA and Alabama state law as straight time, the work was required by Defendant and the nature of the work performed, the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary and indispensable part of their principal activities, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty, as required by the FLSA.

48.     Defendant's failure to ensure sufficient capability to handle overtime in the event of a Kronos processing outage, as well as its failure to ensure proper recordation of time and to pay overtime as a result of the Kronos outage, as well as its policies with respect to time editing and time rounding resulted from knowing or reckless executive decisions.  In addition, by denying Plaintiff and other members of the FLSA Collective and State Classes overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the necessity of proper systems, including backup systems in the event of outages, as well as the proper and prompt payment of overtime compensation under the provision of laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and state law or acted in reckless disregard as to Defendant's obligations under the FLSA and state law.

49.     Defendant, through its supervisors and managers, knew that Plaintiff and the other members of the FLSA Time Editing/Rounding Collective and State Law Time Editing/Rounding Class were working the additional time for which she and they were not paid, as a result of Defendant's time-keeping and recording rounding and editing, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA and Defendant lacked a good faith basis for its actions.

## THE COLLECTIVEACTION ALLEGATIONS

50.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims on behalf of two collectives, together referred to as the "FLSA Collectives."

51. First, as to Kronos-outage specific claims, Plaintiff seeks to proceed with the FLSA Kronos Collective as a collective action on behalf of all non-exempt hourly employees employed by Defendant from December 1, 2021 to the present, whose weekly work hours were tracked by the Kronos timekeeping system, who were not paid their actual earned wages, including overtime wages, during the Kronos outage period, and who were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek.

52. Second, as to the time editing/rounding practices, Plaintiff seeks to proceed with the FLSA Time Editing/Rounding Collective as a collective action on behalf of all current and former non-exempt (including but not limited to commission-based, hourly and salaried) employees of Defendant at Defendant's Huntsville, Alabama location during the period of three years prior to the filing of this Complaint to the present who (1) worked more than forty (40) hours during one or more workweeks, and (2) were not paid for all overtime hours worked by virtue of having their time rounded and/or edited.

53. Defendant is liable under the FLSA to both of the FLSA Collectives for, *inter alia*, failing to maintain proper records, failing to pay proper wages, and failing to pay proper premium overtime wages to Plaintiff and other similarly-situated employees.

54. There are potentially thousands of similarly situated current and former hourly employees in each of the FLSA Collectives who have not been paid wages and premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the members of each collective pursuant to 29 U.S.C. § 216(b).

55. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## STATE CLASS ALLEGATIONS

56. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of two classes of persons who assert claims under State law: (1) the State Kronos Class, and (2) the State Law Time Editing/Rounding Class (together referred to herein as the "State Law Classes").

57. The State Kronos Class is defined as:

All current and former non-exempt (including but not limited to commission-based, hourly and salaried) employees of Defendant in the United States since the onset of the Kronos ransomware attack, from on or about December 1, 2021 to the present, (1) whose weekly work hours were tracked by the Kronos timekeeping system, (2) who were not paid their actual earned wages, including overtime wages, during the Kronos outage period, and (3) who were not paid overtime compensation at the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek.[8]

58. The State Time Editing/Rounding Class is defined as:

All current and former hourly employees of Defendant at Defendant's Huntsville, Alabama location during the period of six years prior to the filing of this Complaint to the present who were not paid for all non-overtime and/or overtime hours worked by virtue of having their time rounded and/or edited.[9]

59. The proposed class is so numerous that joinder of all members is impracticable.

---

[8] Plaintiffs reserve the right to amend or change the State Kronos Class definition hereafter based upon the course of the case and evidence adduced.

[9] Plaintiffs reserve the right to amend or change the State Time Editing/Rounding Class definition hereafter based upon the course of the case and evidence adduced. The six-year statute of limitations under Alabama law applies. *See Shedd v. Wells Fargo Home Mtge., Inc*., S.D.Ala. No. 14-275-CB-M, 2014 U.S. Dist. LEXIS 160997, at *17 (Nov. 17, 2014).

13

60. The claims of Plaintiff are typical of the members of the proposed State Law Classes: they are owed pay earned during the Kronos outage period which Defendant, to date, have still not paid, as is true of all members of the proposed Class.

61. Each State Law Classes' member's claim is controlled by materially similar laws and the same set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether each State Law Class is similarly situated because its members were subject to Defendant's common policy of making estimated wage payments during the Kronos outage period and/or subject to Defendant's common policy of time editing and rounding as described above, and whether the actions of Defendant in accepting and using the labor of the State Law Classes members and not paying them the full overtime is compensable under state law, whether common law or statutory law, as a result of Defendant's failing to maintain proper time records and failing to pay Plaintiff and the State Classes members all due wages, as well as additional penalties under law.

62. Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting dozens of identical, individual lawsuits would not promote judicial efficiency or equity, nor result in consistent results. Class certification will eliminate the need for duplicate litigation.

63. Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted, or has refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the Class as a whole.

64. Plaintiff will fully and adequately protect the interests of the Class. Plaintiff seeks the same recovery as the Class, predicated upon the same violations of law and the same damage theory. Plaintiff has retained counsel who are qualified and experienced in the prosecution of statewide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Class.

## COUNT ONE
### (FLSA Overtime Violations – FLSA Kronos Collective and FLSA Time Editing/Rounding Collective)

65. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and members of each of the FLSA Collectives who may join this case pursuant to 29 U.S.C. § 216(b).

67. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

68. Plaintiff and other members of the FLSA Collectives should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

69. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collectives at the rate of one and one-half times their regular rate for all of their overtime hours.

70. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collectives overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collectives was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

71. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* attached Exhibit A.

72. As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the FLSA Collectives, are entitled to (a) recover from Defendant unpaid wages for all of the hours worked, including premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violation of the FLSA; and (c) recover reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT TWO**
**(State Law Claim –** *State Law Kronos Class* **and**
*State Law Time Editing/Rounding Class*)

73. Plaintiff, on behalf of herself and the other State Law Classes members, re-alleges and incorporates by reference paragraphs 1 through 64 as if they were set forth again herein.

74. Plaintiff brings this claim on behalf of the members of the two State Law Classes as a result of Defendant's suffering to permit her and the State Law Classes' members to work

for its benefit and for not paying them wages and/or overtime wages for all the time that they worked due to the Kronos outage and the editing/recording wrongful practices set out above.

75. At all times relevant, Defendant was an employer covered by State laws relative to compensation, either as a matter of common law, including Alabama law pertaining to unjust enrichment and quantum meruit, and similar laws and/or statutory wage and hour laws and implementing regulations in effect in in other States.

76. At all times relevant, Defendant had agreed to pay the members of the State Law Classes set hourly wages for the hours that they worked and Plaintiff and the members of the State Law Classes performed work for Defendant with the expectation that they would be paid for all their time worked, but, as set forth above, they were not. Defendant has benefited from Plaintiff and the State Law Classes' members' work, thereby both unjustly enriching it as the expense of Plaintiff and the other State Law Classes' members and rendering its retention of those benefits unjust under the circumstances and violating state wage and hour laws as to payment of wages, overtime, and prompt payment.

77. Pursuant to the common law, as well as state wage acts and implementing regulations, employers, such as Defendant, who fail, or intentionally fail, to pay an employee wage in conformance with its agreement to pay or the law or to pay the proper amount of pay promptly, is liable to the employee for the wages or expenses that were not paid, and, in some instances, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

78. Having injured Plaintiff and other members of the State Law Classes, Defendant is liable to Plaintiff and other members of the State Law Classes in the full amount of the overtime wages that remain unpaid, regular wages that remain unpaid, liquidated damages as

applicable, exemplary or punitive damages as applicable, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, and such other and further relief as provided under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Designate this action as an FLSA collective action on behalf of Plaintiffs and the FLSA Collectives members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA Collectives, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certify this action as a class action on behalf of the proposed State Law Classes and prompt issuance of a notice to all similarly-situated persons, apprising the State Law Classes and their members of the pendency of this action, permitting class members to opt-out or to be bound by any judgment in the matter;

c. Enter a judgement declaring that the practices complained of herein are unlawful under state common laws and/or the FLSA and/or state wage acts and their implementing regulations in effect in other States;

d. Enter a judgment of injunctive relief to compel Defendant to ensure that it captures all hours worked by Plaintiff and the FLSA Collectives and State

      Law Classes members and pay the overtime due to these individuals under the FLSA and state common or statutory law;

e. Enter an award of all unpaid wages, as well as statutory and/or liquidated damages, as applicable, under the FLSA and and/or the relevant state common law or statutory wage laws and their implementing regulations;

f. Enter an award of damages representing the Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g. Enter an award of prejudgment and post-judgment interest;

h. Enter an award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

i. Award such other and further relief as this Court deems equitable, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: May 17, 2022

                                Respectfully Submitted,

                                *s/ Timothy J. Becker*
                                Timothy J. Becker (256663)
                                Jacob R. Rusch (391892)
                                **JOHNSON BECKER, PLLC**
                                444 Cedar Street, Suite 1800
                                St. Paul, MN 55101
                                Tel: (612) 436-1800
                                Fax: (612) 436-1801
                                tbecker@Johnsonbecker.com
                                jrusch@johnsonbecker.com

*and*

Joseph F. Scott (OH 0029780) *
Ryan A. Winters (OH 0086917) *
Kevin M. McDermott II (OH 0090455) *
**SCOTT & WINTERS LAW FIRM, LLC**
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*and*

Seth R. Lesser (NY 2265585) *
Christopher M. Timmel (NY CT9831) *
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

*ATTORNEYS FOR PLAINTIFFS, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

*APPLICATIONS PRO HAC VICE TO BE FILED

20